UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HARRELL BONNER,                                    # 20-CV-6906-FPG

                              Petitioner,          DECISION & ORDER

        v.

SUPERINTENDENT, Five Points
Correctional Facility,

                              Respondent.

---

## INTRODUCTION

This is a *pro se* habeas corpus proceeding pursuant to 28 U.S.C. § 2254 brought by Harrell

Bonner ("Bonner" or "Petitioner"). Bonner is currently in Respondent's custody, serving a

sentence of 56 years to life following his January 28, 2008 conviction in New York County Court,

Erie County Court on three counts of second-degree murder and one count each of second-degree

promoting prostitution and second-degree assault.  Presently before the Court is Bonner's proposed

Amended Petition, ECF No. 14. For the reasons discussed below, the Court finds that all of the

new claims in the Amended Petition appear to have been filed outside the one-year statute of

limitations in the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In

accordance with Second Circuit precedent, the Court must afford Bonner notice and an opportunity

to be heard on the timeliness issue before dismissing his habeas claims as untimely. Therefore,

Bonner is ORDERED TO SHOW CAUSE why the new claims in the proposed Amended Petition

should not be dismissed as untimely. The Court DEFERS ruling on the request to amend until

receipt of Bonner's response to this Order.

## BACKGROUND

On October 20, 2020, Bonner commenced this proceeding by filing a "Motion for Emergency Compassionate Release Under the First Step Act, Due to the Covid-19 Pandemic." ECF No. 1. In the initial screening order, ECF No. 2, the Court notified Bonner that, as a state prisoner, he was ineligible for relief under 28 U.S.C. § 3582(c)(1)(A). In addition, the Court explained that it intended to convert his motion to a Section 2254 petition seeking immediate release from custody on the basis that Respondent was subjecting him to an increased risk of exposure to, and complications from, COVID-19. ECF No. 2 at 3 (citing *Steward v. Wolcott*, No. 20-CV-6282-FPG, 2020 WL 2846949, at *2-*4 (W.D.N.Y. June 2, 2020) (concluding that a state prisoner who seeks immediate release based on the unsafe conditions of his confinement in a state prison is challenging the execution of his sentence; therefore, his § 2241 petition must be converted to a § 2254 petition); further citations omitted). Bonner elected to convert his Motion for Compassionate Relief to a Section 2254 Petition and paid the filing fee.

On November 16, 2020, Bonner filed an 82-page "Motion in Addendum," which was docketed on the Court's CM/ECF system as a "Memorandum in Support," ECF No. 3. The Court construed it as supplement to the Petition, ECF No. 1, since it appeared to assert a number of reasons why Bonner's underlying conviction was obtained unconstitutionally. The Court set separate briefing schedules for the conditions of confinement claims based on COVID-19 and the claims challenging the underlying conviction.

In a Decision and Order entered February 16, 2021, ECF No. 11, the Court determined that the Motion in Addendum, ECF No. 3, did not comply with Rules 2(c) and (d) of the Rules Governing Section 2254 Cases In The United States District Courts, 28 U.S.C.A. foll. § 2254 ("Habeas Corpus Rules"), because it failed to specify all the grounds for relief available to Bonner;

the facts supporting each ground; and the relief requested.  Furthermore, Bonner did not provide sufficient information for the Court to determine whether the claims in ECF No. 3 are timely under 28 U.S.C. § 2244(d)(1) and whether they are fully exhausted under 28 U.S.C. § 2254(b)(1).  The Court noted that although ECF No. 1 did not "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule," Habeas Corpus Rule 2(d), the Court was able to discern the nature of his COVID-19 claim and the relief sought. [1]  Accordingly, the Court sent Bonner a form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" to complete.  Bonner was cautioned that his failure to comply with the Court's directions and applicable deadline would result in the dismissal without prejudice of any claims raised in ECF No. 3, the "Motion in Addendum."

Instead of completing and returning the form petition, Bonner filed a "Letter Motion to Stay," ECF No. 12, stating that he had exhausted all his state court remedies that might be available to him.  Bonner referred to a pending a request for leave to appeal to the New York State Court of Appeals from the Erie County Court's denial of his motion to vacate pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 as well as an application for a writ of error *coram nobis* filed in the Appellate Division.

The Court issued a text order on March 23, 2021, ECF No. 13, denying the Letter Motion to Stay.  Because Bonner had not yet filed an amended § 2254 petition as directed, the Court found that it was unable to address the Letter Motion to Stay. ECF No. 13.  In addition, the Court noted, Bonner had not fulfilled the criteria in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), for obtaining

---

[1] The New York State Attorney General's Office ("AG's Office"), on behalf of Respondent, filed a Motion to Dismiss the COVID-19 claims only, which is currently pending before the Court.  ECF No. 8. The AG's Office indicated that "[u]pon information and belief, the Erie County District Attorney will respond at a later date to the claims in the petition that do not relate to prison conditions during the coronavirus pandemic." ECF No. 8-5 at 3 n.1.

a stay-and-abeyance. Accordingly, the Court denied the motion without prejudice to re-filing upon a proper showing under *Rhines*, and after submitting his amended petition as directed previously in ECF No. 11. The Court extended Bonner's time to file an amended petition until April 23, 2021.

On April 14, 2021, Bonner timely submitted a proposed Amended Petition, ECF No. 14. However, he did not file a renewed motion for a stay-and-abeyance.

In paragraph 22 of the proposed Amended Petition, Bonner sets forth four grounds for habeas relief:

- Ground One: "Substantial Change in Prosecution[']s Theory: From the Evidence that was Presented to the Grand Jury as evidence."  ECF No. 14, ¶ 22(A);

- Ground Two: "Unconstitutional failure of the Prosecution to disclose to the defendant evidence favorable to the defendant." *Id.*, ¶ 22(B);

- Ground Three: "Violation of the protection against double jeopardy." *Id.*, ¶ 22(C); and

- Ground Four: "The illegal search and seizure of defendant[']s [sic] Vehicles out of defendants [his] driveway without any Warrant or Seizure Warrant." *Id.*, ¶ 22(D).

Bonner indicates that he has not presented Grounds Two, Three, and Four in any other court because he "had [n]o knowledge of [them] until recent[ly], like a few years now."  ECF No. 14 at 8,[2] ¶ 23. However, based on other statements in the Amended Petition, it appears that he has presented Ground One in his motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, which he filed on January 28, 2020.  *See id.* at 4-5, ¶ 18(b), (e). It also appears that he raised Grounds Two, Three, and Four in the same C.P.L. § 440.10 motion.  *See id.* at 5, ¶ 18(e). The Erie County Court denied the C.P.L. 440.10 motion on September 16, 2020; Bonner sought leave to appeal to the Appellate Division, which denied permission on

---

[2] Citations to page numbers in ECF No. 14 refer to the pagination generated automatically by the Court's electron filing system.

March 3, 2021. *Id.* at 4, 5 ¶¶ 18(d), 20. Bonner also states that on March 25, 2021, he filed a combined application for a writ of error *coram nobis* and a motion for free transcripts filed in the Appellate Division. *Id.* at 7, ¶¶ 1-4. It appears that the *coram nobis* application is still pending and that it asserts the same claims as were raised in the C.P.L. § 440.10 motion. *Compare id.* at 7 ¶ 5, *with id.* at 4-5, ¶¶ 18-20.

## DISCUSSION

### I.     Overview of Petitioner's Current Filings

Bonner did not include any COVID-19 claims from the original Petition, ECF No. 1, in the proposed Amended Petition, ECF No. 14. Ordinarily, an amended complaint "supersedes the original, and renders it of no legal effect." *Dluhos v. Floating & Abandoned Vessel Known as "New York"*, 162 F.3d 63, 68 (2d Cir. 1998). However, the Court's prior order focused on the sufficiency of the allegations in ECF No. 3, and did not inform Bonner that his amended petition must include *all* claims he wished to raise as grounds for habeas relief. Therefore, it is not the case that Bonner disregarded an explicit direction from the Court.

The Second Circuit has instructed that "due to the *pro se* petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye" and should not impose "overly technical and stringent" pleading requirements. *Williams v. Kullman*, 722 F.2d 1048, 1050-51 (2d Cir. 1983) (citations omitted). Mindful that Bonner is *pro se*, the Court will assume that Bonner has not abandoned the COVID-19 conditions-of-confinement claims. In addition, although Bonner did not file a separate motion to amend, the Court has interpreted his proposed Amended Petition as implicitly requesting leave to amend.

## II.    Legal Principles Applicable to Motions to Amend Habeas Petitions

"Federal Rule of Civil Procedure 15 [("Rule 15")] made applicable to habeas proceedings by [28 U.S.C.] § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a civil proceeding. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. Rule Civ. Proc. 15(a)). "Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' i.e., without seeking court leave." *Id.* (citing Fed. R. Civ. Proc. 15(a)). "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'" *Id.* (quoting Fed. R. Civ. Proc. 15(c)(2)).

In the context of federal habeas proceedings, the Supreme Court has rejected an expansive interpretation of Rule 15(c)(2)'s relation-back provision. *See Mayle*, 545 U.S. at 656-57 (disagreeing with circuits that had defined "'conduct, transaction, or occurrence' to allow relation back of a claim first asserted in an amended petition, so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence") (citations omitted). The Supreme Court observed that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662 (citations omitted).

Instead, the Supreme Court explained, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659 (citations omitted). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650; *see also id.* at 657, 661

(finding that habeas petitioner's voluntariness claim did not relate back to his Confrontation Clause claim because his "own pretrial statements, newly raised in his amended petition, were separated in time and type from [a witness's pretrial] videotaped statements, raised in [the] original petition").

The Court first will address the timeliness of the original Petition and the proposed Amended Petition. If both the Petition and the Amended Petition are timely, then there is no need to consider the "relation back" doctrine. As discussed further below, the Court finds that the Petition, which contains only conditions of confinement claim, is timely. However, the proposed Amended Petition, which asserts claims challenging the judgment of conviction, appears to be untimely. Moreover, the original Petition and proposed Amended Petitions state claims that are not tied to a common core of operative facts, meaning that relation back is not in order.

## III.   Timeliness

### A.  Statute of Limitations

AEDPA, which governs this application for a writ of habeas corpus, contains a one-year statute of limitations that runs

> from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented by filing from such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized  by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

AEDPA's statute of limitations is not jurisdictional; rather, it is an affirmative defense that need not be pleaded in the petition. *Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) (citation omitted). Nonetheless, because it "implicates values beyond the concerns of the parties," *id.* (citations omitted), including "streamlining the habeas review process and lending finality to state convictions[,]" *id.*, "a district court has the authority to raise the AEDPA statute of limitation on its own motion." *Id.* at 124. A district court may not, however, *sua sponte* dismiss a habeas petition as untimely "without affording the petitioner notice and an opportunity to be heard." *Id.* (citation omitted). The only exception to this rule is when "it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely. . . ." *Id.* at 125.

### B. Evaluating Timeliness of a Petition Raising Claims Based on Different Events

In the present case, Bonner is attempting to assert two types of claims in a single habeas petition—claims attacking the conviction that forms the basis of his confinement in Respondent's custody ("the conviction claims") and claims challenging the conditions of that confinement ("the conditions claims"). The conviction occurred in 2006, but the conditions of confinement about which Bonner complains did not arise until sometime in 2020, after the beginning of the COVID-19 pandemic. This raises the question of whether the Court should evaluate the timeliness of each asserted claim individually, or the timeliness of the petition as a whole.

Section 2244(d) uses the word "application," which arguably "focuses it on the date of the latest claim within the entire application—allowing review of all claims if at least one is timely." *DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014). The Second Circuit has not considered the issue, but the consensus circuit view is that "[t]he better interpretation is 'subsection

(C)'s reference to "the constitutional right" is clearly a reference to a singular right, . . . and subsection (D)'s reference to "claim or claims" indicates Congress meant for courts to determine timeliness on a claim-by-claim basis.'" *Id.* (quoting *Zack v. Tucker*, 704 F.3d 917, 920 (11th Cir. 2013) (*en banc*) (overruling *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003)); citing *Prendergast v. Clements,* 699 F.3d 1182, 1187 (10th Cir. 2012); *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012); *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007); *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004); *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (interpreting the parallel federal habeas limitations period in 28 U.S.C. § 2255(f) on a claim-by-claim basis)).

The Court finds the rationale of these circuit courts' decisions persuasive. As the Third Circuit explained, "permitting a late-accruing federal habeas claim to open the door for the assertion of other claims that had become time-barred years earlier" would be inconsistent with Congress's intent. *Fielder*, 379 F.3d at 119-20. Such an interpretation would effectively strip AEDPA's statute of limitations of its significance. *DeCoteau*, 774 F.3d at 1192.

Moreover, a petitioner's conditions of confinement claims are fundamentally distinct in character from claims challenging the circumstances of the conviction, and, by their nature, will accrue at some point after the conviction itself. *See*, *e.g.*, *Yekimoff v. New York State Div. of Parole*, No. 02 CIV. 8710 BSJ DF, 2004 WL 2211661, at *2 (S.D.N.Y. Oct. 4, 2004) (declining to allow habeas petitioner's "parole claims to resuscitate claims relating to his underlying conviction" because "[p]arole claims are fundamentally distinct in character from claims challenging the circumstances of conviction, and, by their nature, claims directed to parole decisions are likely to accrue sometime after—potentially long after—claims directed to a petitioner's conviction") (relying on *Fielder*, 379 F.3d at 119-20). Accordingly, the Court will evaluate the timeliness of each claim asserted by Bonner individually. *See id.*

### C.   The Conditions of Confinement Claims

The Court has not yet had occasion to determine the timeliness of conditions of confinement claims brought in the context of a Section 2254 proceeding. None of the subsections in § 2244(d)(1) are a perfect match, but subsection (D) provides the most apt start-date. *See Sanders v. Washington*, No. 1:20-CV-872, 2020 WL 5542471, at *5 (W.D. Mich. Sept. 16, 2020) (utilizing § 2244(d)(1)(D) as the start-date for § 2254 petitioner's COVID-19 claims).  As noted above, under subsection (D), the limitations period does not begin running until "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[,]" but the Second Circuit has agreed with its sister circuits "that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); citation omitted). "Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Id.*

The Court assumes that the factual predicate for Bonner's conditions claims is the COVID-19 pandemic and its presence in the New York State Department of Corrections and Community Supervision ("DOCCS") system. Courts may take judicial notice of "relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (citation omitted). The Court takes judicial notice that on March 11, 2020, the World Health Organization declared COVID-19 a global pandemic. On March 22, 2020, DOCCS confirmed the first two positive prisoner cases of COVID-19 at Wende Correctional Facility. Since that time, COVID-19 has continued to circulate

throughout DOCCS at various levels. *See* DOCCS COVID-19 Report, *available at* https://doccs.ny.gov/doccs-covid-19-report (last accessed May 11, 2021).

The Court finds that Bonner could not have discovered the factual predicate for his conditions of confinement claims before March 2020. *See id.* Since he filed his original Petition on October 20, 2020,  the conditions of confinement claims are timely. *See Sanders*, 2020 WL 5542471, at *5 ("With regard to Petitioner's COVID-19 claims, Petitioner's period of limitation commenced running when 'the factual predicate of his claim. . . could have been discovered through the exercise of reasonable diligence.' 28 U.S.C. § 2244(d)(1)(D). Certainly, Petitioner could not have discovered his claim before March of this year.") (ellipsis in original).

### D.  The Conviction Claims

Bonner does not suggest that he was impeded from filing in a timely fashion by any state action, and therefore subsection (B) of  § 2244(d)(1) does not apply. Likewise, Bonner is not relying on any right made retroactively applicable on collateral review, which means that subsection (C) of § 2244(d)(1) is inapplicable. However, Bonner does claim to have recently discovered exculpatory evidence in the form of call records for his cell phone. Therefore, subsection (D) may be applicable. *See McQuiggin v. Perkins*, 569 U.S. 383, 388-89 (2013) (stating that if the petition alleges newly discovered evidence, the filing deadline is calculated based on § 2244(d)(1)(D)).

#### 1.   On the Present Record, Section 2244(d)(1)(D) Does Not Apply

The "factual predicate" cited by Bonner consists of his cell phone records from January and February 2006. Bonner has attached an internal memorandum from the Buffalo Police Department ("BPD") dated March 6, 2006, referring to Bonner as a possible suspect in the January 5, 2006 murder of Mechelle Hicks ("Hicks"). ECF No. 14 at 50. The memorandum noted that

Bonner may be using a particular phone number, which the BPD provided to the Cricket cellular phone company. The phone company determined that the number was assigned to Bonner's account, that the account was active, and that the number was "roaming" in Atlantic City, New Jersey on February 18, 2006. *Id.* Bonner has highlighted the information about the date and the location where the phone number was roaming. *Id.*

According to Bonner, these call detail reports for all incoming and outgoing calls from his cell phone "would have proven that defendant was Not in Town during the time in question of Mechelle Hicks's death[.]" ECF No. 14 at 8, ¶ 22(B). Bonner complains that the prosecutor failed to disclose this allegedly favorable information to the defense. *Id.*

"Newly discovered evidence is, by definition, incapable of discovery through counsel's [or a petitioner's] due diligence before or during trial." *Hector v. Greiner*, No. 99 CV 7863 FB, 2000 WL 1240010, at *1 (E.D.N.Y. Aug. 29, 2000)  (citing *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000)). Thus, "[e]vidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered." *Id.* (citing *United States v. Jacobs*, 475 F.2d 270, 286 n.33 (2d Cir. 1973); other citations omitted); *see also Chettana v. Racette*, No. 9:15-CV-0028 (MAD), 2016 WL 447716, at *5 (N.D.N.Y. Feb. 4, 2016) ("If the facts or evidence existed at an earlier date, even if unknown to a petitioner, it cannot later be described as 'newly discovered.'") (citing *Rivas*, 687 F.3d at 535).

The cell phone records referenced in the BPD memo clearly were in existence at the time of Bonner's trial and, as such, cannot be newly discovered evidence supporting the application of the later start-date in § 2244(d)(1)(D). "In the absence of a showing of good cause, courts will reject assertions that evidence is 'newly discovered' if that evidence existed prior to the time a petitioner's underlying conviction became final." *Adams v. Greiner*, 272 F. Supp. 2d 269, 274

(S.D.N.Y. 2003) (citing *Middlemiss*, 217 F.3d at 123 (rejecting a claim of newly discovered evidence in the form of a witness affidavit executed post-conviction because that witness's existence was known to the defendants prior to trial); other citations omitted).

The Court cannot discern good cause on the present record, but will permit Bonner an opportunity to explain why, despite using due diligence, he was unable to discover the call records prior to his conviction becoming final in 2012. If subsection (D) is inapplicable, the only possible remaining start-date for the limitations period is found in subsection (A).

2. If Section 2244(d)(1)(A) Applies, the Conviction Claims Are Untimely

For purposes of § 2244(d)(1)(A), a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of *certiorari* or when the time to seek *certiorari* has expired, which is 90 days following the date on which direct review by the state's highest court is complete. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'— when this Court affirms a conviction on the merits or denies a petition for *certiorari*. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'— when the time for pursuing direct review in this Court, or in state court, expires."); U.S. Sup. Ct. R. 13(1).

Here, the New York Court of Appeals denied leave to appeal on October 22, 2012, *People v. Bonner*, 19 N.Y.3d 1101 (2012), and denied reconsideration on February 22, 2013, *People v. Bonner*, 20 N.Y.3d 1059 (2013). Bonner did not seek a writ of *certiorari* from the Supreme Court. ECF No. 14 ¶ 12. Therefore, his conviction became final on May 23, 2013, which was 90 days after the date of the order denying reconsideration. *See*, *e.g.*, *Hizbullahankhamon v. Walker*, 255 F.3d 65, 68 (2d Cir. 2001) (finding that where § 2254 petitioner did not seek *certiorari*, conviction

became final 90 days after the date on which the New York Court of Appeals denied his application for reconsideration of its denial of leave to appeal the Appellate Division's affirmance) (citation omitted); *see also*, *e.g.*, *Brockway v. Burge*, 710 F. Supp. 2d 314, 321-22 (W.D.N.Y. 2010).

The one-year statute of limitations began running on May 23, 2013, and expired on May 23, 2014. In order to be timely, Brooks was required to have filed a habeas petition attacking his conviction either on or before May 23, 2014. However, he did not file the first iteration of his amended petition, ECF No. 3, until more than six years later on November 16, 2020.

If § 2244(d)(1)(A) applies, then the proposed new claims must be dismissed as untimely unless Bonner can show that (1) the statute of limitations should be statutorily tolled under 28 U.S.C. § 2244(d)(2); (2) equitable tolling of the limitations period is warranted; or (3) the proposed new claims "relate back" to the original Petition.

### 3.   Statutory Tolling Is Unavailable on the Present Record

AEDPA provides for statutory tolling in § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*). The Circuit explained that "[i]f the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court." *Id.*

In the proposed Amended Petition, Bonner states that he has filed the following state court applications for post-conviction or collateral review: (1) a C.P.L. § 440.10 motion filed in Erie County Court on January 28, 2020, ECF No. 14 at 4, ¶ 18; (2) a combined application for a writ of error *coram nobis* and a motion for free transcripts filed in the Appellate Division on March 25, 2021, *id.* at 7; and (3) an application for leave to appeal the Appellate Division's denial of leave to appeal the denial of the C.P.L. § 440.10 motion, which was filed in the New York Court of Appeals on March 25, 2021, *id.* at 9, ¶ 24.   Based on the information provided by Bonner, it does not appear that any of these state court applications provided tolling because they all were filed several years *after* the statute of limitations expired on May 23, 2014. *See*, *e.g.*, *Montgomery v. State of New York*, No. 20-CV-06380 FPG, 2020 WL 4926274, at *2 (W.D.N.Y. Aug. 20, 2020) (holding that because petitioner's C.P.L. § 440.10 motion "was not filed until after the one-year statute of limitations expired," "it did not serve to toll the statute of limitations under 28 U.S.C. § 2244(d)(2)") (citing *Smith*, 208 F.3d at 17; *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.")).

### 4.   The Record Is Inadequate to Analyze Equitable Tolling

The Supreme Court has explicitly held that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Fla*., 560 U.S. 631, 645 (2010) (collecting circuit authority); *see also Smith*, 208 F.3d at 17. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); emphasis deleted in original). "A petitioner seeking equitable tolling must 'demonstrate a causal relationship between the extraordinary circumstances on which the claim

for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

"Whether 'extraordinary circumstances' justify equitably tolling the limitations period is a highly case-specific inquiry." *Salas v. United States*, No. 14-CV-1915 SLT, 2015 WL 260574, at *2 (E.D.N.Y. Jan. 20, 2015).  The Court notes that, in response to a question on the form petition, Bonner indicates that he has not completed exhaustion proceedings due to various medical conditions as well as a hospital stay. *See* ECF No. 14 at 5, ¶ 21.  "[M]edical conditions, whether physical or psychiatric, can manifest extraordinary circumstances [justifying equitably tolling AEDPA's limitations period], depending on the facts presented." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (finding that petitioner's "hospitalization . . . during which he underwent six surgeries, requiring him to be confined to bed and heavily medicated" justified equitable tolling). In cases involving illness, "to justify tolling of the AEDPA one-year statute of limitations . . ., a habeas petitioner must demonstrate that h[is] particular disability constituted an 'extraordinary circumstance' severely impairing h[is] ability to comply with the filing deadline, despite h[is] diligent efforts to do so." *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010).

On the present record, the Court does not have sufficient information to determine whether Bonner's medical issues constitute "extraordinary circumstances" that are causally related to his late-filing. The Court will afford Bonner an opportunity to explain why he is entitled to equitable tolling based on his medical issues, or any other circumstances that he believes warrant tolling the limitations period.

5.   The Proposed Amended Petition Does Not "Relate Back"

It is well-settled that after the statute of limitations has run, pleadings may only be amended if the amendment "relates back" to the original, timely-filed pleading. *See* Fed. R. Civ. Proc. 15(c)(2).  For "relation back" to be appropriate in the habeas context, the original and amended petitions must state claims that are "tied to a common core of operative facts." *Mayle*, 545 U.S. at 664.

The claims in the proposed Amended Petition and the original Petition, however, do not share such a common core of facts. Those in the proposed Amended Petition accrued at the time of Bonner's arrest, grand jury proceeding, and trial, while those in the original Petition did not come into existence until approximately 15 years later. Not only do they differ vastly in time, they are based on entirely different factual grounds and legal theories. The original claims are based on Bonner's conditions of confinement as affected by the COVID-19 pandemic; the new claims are based on alleged errors at various phases of his criminal proceeding.

Although Bonner would not be confined but for the trial, conviction, and sentence, the Supreme Court has declined to "translat[e] . . same 'conduct, transaction, or occurrence' to mean same 'trial, conviction, or sentence.'" *Mayle*, 545 U.S. at 664. Here, the original claims actually post-date the sentence; it necessarily follows that, under *Mayle*, they cannot have arisen out of the same conduct, transaction, or occurrence as the new claims, which stem from events that occurred prior to sentencing.

6.   Notice and Opportunity to Be Heard on Timeliness and Tolling

Based on the record before the Court, the conviction-based claims raised in the proposed Amended Petition, ECF No. 14, appear to be subject to the statute of limitations start-date in § 2244(d)(A) and, as a consequence, untimely by several years. Because all of the state court

applications for post-conviction or other collateral review listed in the proposed Amended Petition, ECF No. 14, were filed after the statute of limitations expired, it appears that statutory tolling is unavailable under 28 U.S.C. § 2244(d)(2).

Before the Court may dismiss the proposed Amended Petition as untimely, Bonner must be afforded notice and an opportunity to be heard as to why the proposed Amended Petition is not time-barred, *see Acosta*, 221 F.3d at 124-25, because, for instance, he is entitled to: (1) the later start-date in § 2244(d)(1)(D); (2) additional periods of statutory tolling based on earlier-filed applications for collateral or post-conviction relief in state court that he did *not* list in the proposed Amended Petition; or (3) equitable tolling.

If Bonner seeks the later start-date in § 2244(d)(1)(D), he must present the relevant facts supporting his argument in an affirmation or declaration, and must submit to the Court copies of any documentary evidence supporting his allegations. If he believes that additional statutory tolling under § 2244(d)(2) is warranted, he must supply the Court with the dates each motion, application, or petition was filed in state court and the dates each motion, application, or petition was denied by the state court. Finally, if Bonner wishes to have the limitations period equitably tolled, he must present the relevant facts supporting his argument in an affirmation or declaration. Bonner is reminded that equitable tolling requires him to show that "extraordinary circumstances" caused him to be unable to file on time, despite his "reasonable diligence throughout the period he seeks to toll," *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007).

Bonner's response is due within thirty (30) days of the date of entry of this Order. **<u>Bonner is advised that his failure to respond to this Order on time will result in the automatic dismissal of the proposed Amended Petition, ECF No. 14, as untimely, with prejudice.</u>** *See*, *e.g.*, *Smith v. Powers*, No. 08-CV-0365S, 2008 WL 2478392, at *5 (W.D.N.Y. June 18, 2008)

(ordering that "if the Petitioner's § 2254 Timeliness Response Form is not filed by [the Court-imposed deadline], the Clerk of the Court is directed to dismiss the petition with prejudice as untimely pursuant to 28 U.S.C. § 2244(d)(1) without further notice. Such dismissal shall constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b)"); *id.* at *4 n.2 (citing *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)).

### IV.    Stay and Abeyance

Bonner has not explicitly filed a renewed motion for a stay-and-abeyance; nor has he requested a stay in any of the documents attached to the proposed Amended Petition. Since the Court has not yet ruled on the motion to amend the petition, it does not have a "mixed petition" in front of it.  A stay-and-abeyance is only available under *Rhines* when the petitioner has brought a "mixed petition" containing exhausted and unexhausted claims (and has fulfilled the *Rhines* criteria).  *See*, *e.g.*, *Davis v. Graham*, No. 16-CV-275-FPG, 2018 WL 3996424, at *3 (W.D.N.Y. Aug. 21, 2018) (finding that *Rhines* was inapplicable because the habeas petition, as filed, was not a "mixed petition"); *Clancy v. Phillips*, 04 CV 4343KMK, 2005 WL 1560485, at *6 (S.D.N.Y. July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here. The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time.")  (citations omitted).

If Bonner wishes to pursue a stay-and-abeyance, he must file a separate motion seeking this relief.  As explained in the Court's previous order, the Supreme Court has limited a district court's discretion to approve stay requests to situations where the petitioner shows (1) "good cause" for his failure to exhaust the claims in state court prior to bringing the federal habeas petition, *and* (2) that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277.

Therefore, if Bonner files a renewed motion for a stay, he must articulate "good cause" for his failure to exhaust any unexhausted claims, and explain why the unexhausted claims are not "plainly meritless." *See id.*

## CONCLUSION

Accordingly, for the reasons discussed above, Bonner is **ORDERED** to show cause why the statute of limitations in 28 U.S.C. § 2244(d)(1) should not bar the conviction claims in the proposed Amended Petition, ECF No. 14, because, for instance, he is entitled to: (1) the later start-date in § 2244(d)(1)(D); (2) additional periods of statutory tolling based on earlier-filed applications for collateral or post-conviction relief in state court that he did *not* list in the proposed Amended Petition; or (3) equitable tolling. With regard to any arguments based on § 2244(d)(1)(D) and equitable tolling, Bonner must present the relevant facts supporting to the Court in an affirmation or declaration and must submit copies of any documentary evidence supporting his allegations. With regard to any arguments based on § 2244(d)(2), he must supply the Court with the dates each motion, application, or petition was filed in state court and the dates each motion, application, or petition was denied by the state court.

It is further **ORDERD** that Bonner's response with regard to the timeliness of the proposed Amended Petition is due **within thirty (30) days** of the date of entry of this Order.

It is further **ORDERED** that a renewed motion for a stay-and-abeyance, should Bonner choose to file one, is due **within thirty (30) days** of the date of entry of this Order.

It is further **ORDERED** that a ruling on Bonner's request to amend the Petition is **DEFERRED** until the Court receives Bonner's response to this Order. **<u>Bonner is advised that his failure to respond on time to this Order will result in the automatic dismissal with prejudice of the proposed Amended Petition, ECF No. 14, as untimely.</u>**

It is further **ORDERED** that no response is required from Respondent unless Bonner files a response to this Order, at which point the Court will set a briefing schedule.

IT IS SO ORDERED.

Dated: May 12, 2021
Rochester, New York.


HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court