UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HARRELL BONNER,                                              # 20-CV-6906-FPG

                                    Petitioner,               DECISION AND ORDER

v.

SUPERINTENDENT, Five Points
Correctional Facility,

                                    Respondent.

---

## INTRODUCTION

This is a *pro se* habeas corpus proceeding pursuant to 28 U.S.C. § 2254 ("Section 2254") commenced by Harrell Bonner ("Bonner" or "Petitioner"). ECF No. 1. Bonner has filed an Amended Petition, ECF No. 14, which the Court has construed as containing a motion to amend the original Petition, ECF No. 1. For the reasons discussed below, the Court finds that all of the new claims in the Amended Petition are untimely under the one-year statute of limitations in the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and there is no basis to excuse the untimeliness bar. Therefore, the request to amend is DENIED.

## BACKGROUND

On October 20, 2020, Bonner commenced this proceeding by filing a "Motion for Emergency Compassionate Release Under the First Step Act, Due to the Covid-19 Pandemic." ECF No. 1. After being notified that, as a state prisoner, he was ineligible for relief under the First Step Act, 28 U.S.C. § 3582(c)(1)(A), Bonner consented to the Court's conversion of his compassionate release motion to a Section 2254 Petition seeking immediate release from custody

1

on the basis that Respondent was subjecting him to an increased risk of exposure to, and complications from, COVID-19. ECF No. 2 at 3.

Bonner subsequently filed a lengthy "Motion in Addendum," ECF No. 3, which the Court construed as supplement to the Petition, ECF No. 1, since it appeared to assert a number of reasons why his underlying conviction was obtained unconstitutionally.  Because the Motion in Addendum, ECF No. 3, was not on the approved form petition and did not provide sufficient information as to the nature of the grounds for relief and whether they were timely and fully exhausted, the Court issued an Order, ECF No. 11, directing Bonner to complete a form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Bonner was cautioned that his failure to comply with the Court's directions and applicable deadline would result in the dismissal without prejudice of any claims raised in ECF No. 3, the "Motion in Addendum."

Instead of completing and returning the form petition, Bonner filed a "Letter Motion to Stay," ECF No. 12, stating that he had exhausted all his state court remedies that might be available to him. Bonner referred to a pending a request for leave to appeal to the New York State Court of Appeals from the Erie County Court's denial of his motion to vacate pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 as well as an application for a writ of error *coram nobis* filed in the Appellate Division, Fourth Department, of New York State Supreme Court.

The Court issued a text order on March 23, 2021, ECF No. 13, finding that it could not address the Letter Motion to Stay because Bonner had not yet filed an amended Section 2254 petition as directed in ECF No. 11. The Court denied the stay request without prejudice with leave to renew after submitting a proposed amended petition. Bonner was also informed that any

renewed stay motion would have to fulfill the criteria set forth in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

On April 14, 2021, Bonner timely submitted a proposed Amended Petition, ECF No. 14, setting forth four claims attacking the underlying conviction. *See id.* ¶¶ 22(A) through 22(D). However, he did not file a renewed motion for a stay. Bonner indicated that he had not presented Grounds Two, Three, and Four in any other court because he "had [n]o knowledge of [them] until recent[ly], like a few years now," ECF No. 14 at 8 ¶ 23. Based on other statements in the Amended Petition, the Court determined that he apparently had presented Ground One in the C.P.L. § 440.10 motion filed in January 2020. *See id.* at 4-5 ¶ 18(b), (e). In addition, it appeared that he raised Grounds Two, Three, and Four in the same C.P.L. § 440.10 motion, *see id.* at 5 ¶ 18(e), which ceased to be pending on March 3, 2021. *Id.* at 4, 5 ¶¶ 18(d), 20. Bonner further stated that on March 25, 2021, he filed a combined application for a writ of error *coram nobis* and a motion for free transcripts in the Appellate Division. *Id.* at 7 ¶¶ 1-4. It is unclear what claims were asserted in the *coram nobis* application and whether it remains pending. *Compare id.* at 7 ¶ 5, *with id.* at 4-5 ¶¶ 18-20.

In a Decision and Order filed May 14, 2021, ECF No. 15, the Court first addressed the timeliness of the Petition and Amended Petition, *id.* at 7-14, and determined that the Petition, which asserted only claims challenging the conditions of his confinement based on COVID-19 (the "conditions claims"), was timely. *Id.* at 7-11.[1] However, the Court determined the claims in the Amended Petition that attacked the underlying conviction (the "conviction claims") were

---

[1] Mindful of Bonner's *pro se* status, the Court assumed that he had not abandoned the COVID-19 conditions-of-confinement claims even though he did not include them in the Amended Petition. In addition, although Bonner did not file a separate motion to amend, the Court interpreted the Amended Petition as implicitly requesting leave to amend.

3

untimely regardless of which start-date for the one-year statute of limitations was utilized. *Id.* at 11-14. Further, the Court found there was no basis for statutory tolling under 28 U.S.C. § 2244(d)(2) because Bonner's applications for post-conviction review in state court were filed *after* the limitations period had expired, and such applications cannot restart the statute of limitations. *Id.* at 14-15. The Court stated that it was unable to determine, on the present record, whether Bonner was entitled to equitable tolling. *Id.* at 15-16. Finally, the Court found that the new claims in the Amended Petition (i.e., the conviction claims) did not relate back to the original Petition so as to render the new claims timely. *Id.* at 17. As required by Second Circuit precedent, the Court afforded Bonner an opportunity to be heard as to why the Amended Petition was not time-barred and why he was entitled to equitable tolling or a later start-date to the statute of limitations. *Id.* at 17-18.  Bonner was instructed to file his response within thirty (30) days. *Id.*

Instead, Bonner filed a Motion to Withdraw the Petition. ECF No. 16. The Court issued a text order on May 26, 2021, noting that Petitioner appeared unsure how to respond to the Court's previous Order, ECF No. 15, and informing him that he could contact the *Pro Se* Assistance Program for Prisoners ("PSAP for Prisoners") for assistance in understanding his options going forward and how to respond to the Court's instructions.

On August 10, 2021, after being directed, ECF No. 18, to inform the Court how he wished to proceed with the Petition, Bonner filed a pleading captioned as a Motion to Stay. ECF No. 19. Bonner asserted that he had been advised by PSAP for Prisoners that there was an attorney willing to help him. However, that individual had not yet contacted him, which was the reason for the delay in responding to the show-cause order, ECF No. 15. He also asserted that the delay in hearing from the attorney constituted good cause for him to obtain a stay-and-abeyance of the habeas proceeding. Bonner did not address any of the other *Rhines* factors.

4

In a text order entered September 3, 2021, ECF No. 20, the Court explained that the delay in hearing back from the PSAP attorney was not good cause for a stay and that the Motion to Stay instead should be construed as a request for an extension of time to respond to the show-cause order, ECF No. 18. Accordingly, the Court converted the Motion to Stay, ECF No. 19, to a Motion for an Extension of Time to Respond and afforded him an additional 60 days to file his response.[2]

On October 20, 2021, Bonner filed a pleading captioned as a "Mixed Petition Notice of Motion in Response to Order to Show Cause" ("Response"), ECF No. 21, along with Exhibits A through F, ECF No. 21-1. As discussed further below, the Court finds that Bonner has not demonstrated that the Amended Petition's claims are timely or that there is any basis for excusing the untimeliness, which means that amending the Petition to add them would be futile. Accordingly, permission to amend must be denied.

## DISCUSSION

### I. Petitioner Has Not Demonstrated Entitlement to the Later Start-Date in Section 2244(d)(1)(D)

In the Declaration attached to the Response, *see* ECF No. 21 at 2-4, Bonner asserts that his "proposed Amended Petition is not time-barred, *see*; *Acosta* 221 F.3d at 124-25, because, for instance, Petitioner is entitled to (1) the later start-date in § 2244(d)(1)(D). . . ." ECF No. 21 at 2. Apart from copying-and-pasting language from the Court's previous Decision and Order, ECF No. 15 at 18, Bonner has not explained *why* this conclusion is warranted.

---

[2] In the same text order, the Court also addressed Respondent's Motion to Dismiss only the COVID-19 claims, ECF No. 8. Since Bonner had not responded to the show-cause order, and the Court had not yet ruled on the Motion to Amend, it was unclear which claims constitute the present habeas application (i.e., only the original COVID-19 claims or those claims plus the new claims challenging the underlying conviction). Noting an absence of authority allowing the bifurcated disposition of a Section 2254 petition, the Court elected to deny the Motion to Dismiss, ECF No. 8, without prejudice as premature, with leave to renew.

As the Court stated previously, ECF No. 15 at 7, Section 2244(d)(1)(D) permits the limitations period to start on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Court discussed the potential applicability of Section 2244(d)(1)(D) based on the following "factual predicate"—Bonner's cell phone records from January and February 2006, prior to his arrest for the murder of Mechelle Hicks. ECF No. 15 at 11-12. The Court determined that these cell phone records "clearly were in existence at the time of Bonner's trial and, as such, cannot be newly discovered evidence supporting the application of the later start-date in § 2244(d)(1)(D)." *Id.* at 12. Nonetheless, the Court allowed Bonner "an opportunity to explain why, despite using due diligence, he was unable to discover the call records prior to his conviction becoming final in 2012[,]" *id.* at 13, such that the Court should consider the cell phone records "newly discovered evidence" for purposes of Section 2244(d)(1)(D). The Court explained that "[i]f Bonner seeks the later start-date in § 2244(d)(1)(D), he must present the relevant facts supporting his argument in an affirmation or declaration, and must submit to the Court copies of any documentary evidence supporting his allegations." *Id.* at 18.

However, in his Response, Bonner does not mention these cell phone records at all. Instead, he appears to be relying on his medical records and various grievances he filed based on prison officials' alleged denial of proper medical care, *see* ECF No. 21-1, as the "documentary evidence" supporting the later start-date in Section 2244(d)(1)(D). Bonner's medical issues have no bearing whatsoever on the constitutionality of his underlying conviction. Indeed, they could not be relevant since, according to Bonner, his medical issues did not arise until well after his conviction became

final.³ Thus, while Bonner's medical records and prison grievances arose after his conviction became final, they cannot constitute the factual predicate for advancing the start-date of the limitations period to evaluate the timeliness of the conviction-based habeas claims.

## II.     Statutory Tolling Under 28 U.S.C. § 2244(d)(2) Is Unwarranted

Bonner asserts in conclusory fashion that he should obtain the benefit of statutory tolling under Section 2244(d)(2). However, he has not identified any applications for state post-conviction or other collateral review that were filed before the expiration of the statute of limitations. Therefore, there is no basis for statutory tolling under Section 2244(d)(2).

## III.    Petitioner Does Not Qualify for Equitable Tolling

Bonner states that "equitable tolling of the limitation period is warranted Due to the Extraordinary Circumstances and other 'Obstacles' that has been 'Preventing' Petitioner to Comply with the terms of the Order to Show Cause and late-filing." ECF No. 21 at 1 (underlining omitted). The "obstacles" are "his 'Medical Issues' to 'Date' Pro Se." *Id.* (underlining omitted).

"As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231–32 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks omitted in original)). Accordingly, the Second Circuit "has clearly stated that the AEDPA limitations period will only be tolled in 'rare and exceptional circumstance[s][.]'" *id.* (quoting *Smith v.*

---

³ In determining the timeliness of Bonner's conditions of confinement claim based on COVID-19, the Court did utilize the start-date in Section 2244(d)(1)(D), reasoning that the factual predicate was the COVID-19 pandemic and its presence in New York's correctional facilities. However, as explained previously, the Court determined that it was required to evaluate the timeliness of the conviction claims and the conditions claims separately. *See* ECF No. 15 at 9.

*McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*) (further quotation omitted; first alteration in original)), "and where the petitioner 'demonstrate[s] a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding[.]'" *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); ellipsis in original).

"The term 'extraordinary' does not refer to the uniqueness of the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Id.* at 231-32 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). And "[i]f the petitioner is unable to establish that he diligently attempted to file his petition, the extraordinary circumstances on which his tolling claim is based cannot be said to have caused the lateness of his petition." *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

"[M]edical conditions, whether physical or psychiatric, can manifest extraordinary circumstances, depending on the facts presented." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). The inquiry is "highly case-specific. . . ." *Bolarinwa*, 593 F.3d at 232. It is the petitioner who "carries the burden of proving that equitable tolling is justified." *Rios v. Mazzuca*, 78 F. App'x 742, 743 (2d Cir. 2003) (citation omitted).

Bonner asserts that since his "first day of being incarcerated," he has suffered from several serious medical problems, including genital herpes, hypertension, osteoarthritis, and uncontrolled diabetes. ECF No. 21-1 at 2-4. He also asserts that he is wheelchair-bound due to his diabetes and is unable to use his left hand because of a stroke he sustained while in prison. *Id.* Bonner states he is a plaintiff in a class action, brought in this District, against New York State Department of Corrections and Community Supervision ("DOCCS") for the failure to provide reasonable

accommodations to inmates with disabilities; he has provided a copy of the complaint as Exhibit F, ECF No. 21-1 at 42-89.

The medical records attached to the Response as Exhibits A and B, *see* ECF No. 21-1 at 1-30, substantiate Bonner's assertion that he has a number of health issues. But medical problems, standing alone, do not justify equitable tolling. *See Bolarinwa*, 593 F.3d at 232 ("[I]llness does not toll a filing deadline *per se*."). Rather, Bonner must demonstrate that despite his due diligence, these medical problems prevented him from timely filing a habeas application challenging the constitutionality of his conviction. *See id.* ("[I]n order to justify tolling of the AEDPA one-year statute of limitations due to mental [or physical] illness, a habeas petitioner must demonstrate that [his] particular disability constituted an 'extraordinary circumstance' severely impairing [his] ability to comply with the filing deadline, despite [his] diligent efforts to do so."). This he cannot do.

First, Bonner has not acted with reasonable diligence in pursuing a challenge to his criminal conviction. As the Court determined in its previous Decision and Order, Bonner's conviction became final on May 10, 2013, and the one-year statute of limitations expired on May 10, 2014. ECF No. 15 at 15. He did not pursue any challenges to his criminal conviction until January 28, 2020, when he commenced the C.P.L. § 440.10 motion in the trial court. *Id.* He did not commence this action until October 20, 2020, ECF No. 1 at 3, and it was not until November 16, 2020, that Bonner brought to this Court's attention the potential challenges to his conviction. ECF No. 3 at 3.

Second, Bonner has not shown that his medical conditions impaired his ability to comply with the statute of limitations. During the approximately seven years between his conviction becoming final in May 2013, and his filing of the C.P.L. § 440.10 motion in January 2020, Bonner

lodged multiple grievances and requests for reasonable accommodations with DOCCS. *See* ECF No. 21-1 at 11-29. Thus, Bonner's conduct "indicates that he was, to some extent, capable of investigating and pursuing legal avenues[,]" *Rios*, 78 F. App'x at 745, notwithstanding his medical problems. *See id.* (finding that inmate who defended himself in removal proceedings, filed a complaint in state court, and made written requests for information was not incapacitated by his mental illness to the degree required to equitably toll the AEDPA limitations period). The Court also notes that based on Bonner's allegations, his medical conditions seem to have been worsening over the years. Nonetheless, he was able to file the C.P.L. § 440.10 motion to vacate the judgment in January 2020. Thus, the Court finds no basis for inferring that his medical conditions were so severe as to prevent him from pursuing challenges to his criminal conviction.

In sum, because Bonner has not diligently pursued his rights with regard to his criminal conviction and has not demonstrated that some extraordinary circumstance prevented him from timely filing a habeas application challenging his conviction claims, he is not entitled to have the statute of limitations equitably tolled as to those claims.

### IV.   Excusing Untimeliness Based on Actual Innocence Is Unwarranted

The Court has also considered whether Bonner can overcome the statute of limitations bar on the Amended Petition's claims based on a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or . . . expiration of the statute of limitations"). "To satisfy the [relevant] standard, a claim of actual innocence must be both 'credible' and 'compelling.'" *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 521, 538 (2006)). "For the claim to be 'credible,' it must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

10

accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995); citing *House*, 547 U.S. at 537). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Id.* (quoting *House*, 547 U.S. at 538). It is well established that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). This "standard is demanding and permits review only in the extraordinary case." *House*, 547 U.S. at 538 (internal quotation marks and citations omitted).

There are simply no allegations in any of Bonner's pleadings that can be read to suggest a claim of actual innocence. The Court notes that Bonner did not assert a claim of actual innocence in the motion to vacate the judgment, although such a claim is available under New York state law, *see* C.P.L. § 440.10(1)(h). Indeed, Bonner has never alluded to any "new reliable evidence" that he is factually innocent of the crimes of conviction. He therefore cannot make out a credible and compelling claim of actual innocence so as to overcome the timeliness bar on his proposed new claims. *See, e.g.*, *Soler v. United States*, No. 05 CRIM. 165 RJH, 2010 WL 4456343, at *4 (S.D.N.Y. Oct. 18, 2010) ("Petitioner's effort [to save his untimely motion to amend] fails, if for no other reason, because he offers no new evidence to suggest innocence.").

## V. The Motion to Amend Is Denied as Futile

To summarize, the Court has found that the proposed new claims in the Amended Petition that attack Bonner's conviction are untimely under Section 2244(d)(1); that statutory tolling under Section 2244(d)(2) is unavailable; that Bonner has not carried his burden of proving entitlement to equitable tolling because his medical conditions are not extraordinary circumstances that

11

prevented him from complying with the statute of limitations; and that he does not have a viable claim of actual innocence to excuse the untimeliness of the proposed new claims. Furthermore, as the Court previously held, the proposed new claims challenging the conviction do not "relate back" to the timely conditions claims in the original Petition. ECF No. 15 at 7, 17.

The Second Circuit has specifically identified futility as an "appropriate basis" for denying leave to amend." *Lucente v. International Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts in this Circuit routinely have denied amendment on the basis of futility where the proposed new claims are untimely. *See*, *e.g.*, *Sookoo v. Heath*, No. 09 CIV 9820 JGK, 2011 WL 6188729, at *3 (S.D.N.Y. Dec. 12, 2011) ("When the claims that a petitioner seeks to add to a habeas petition are untimely under the one-year statute of limitations. . . , the amendment is futile, and leave to amend should be denied.") (citing *Page v. Walsh*, No. 10 Civ. 5264, 2011 WL 134975, at *2 (S.D.N.Y. Jan. 7, 2011) (amending petition to add untimely claims is futile); *Cotton v. Burge*, No. 08 Civ. 453, 2009 WL 3165868, at *4 (W.D.N.Y. Sept. 26, 2009) (when proposed amendment to habeas petition contained untimely claims, amendment was futile and must be denied)). Because the proposed new claims in the Amended Petition are untimely and do not "relate back" to the claims in the original Petition, it would be futile to permit amendment. Therefore, the request to amend, ECF No. 14, is DENIED.

## VI.     Current Procedural Status

Because the Court has denied Bonner's request to amend, the proposed new claims in the Amended Petition (i.e., the conviction claims) are not being added to the original Petition and will not be considered by the Court. The only claims currently pending are the conditions claims set forth in the original Petition, ECF No. 1.

The Court notes that Bonner's Motion to Withdraw, ECF No. 16, also remains pending. Although it does not appear that Bonner still wishes to withdraw the Petition, the Court, out of an abundance of caution, will request confirmation from Bonner on this issue. If Bonner notifies the Court that he does not want to withdraw the Petition, Respondent may request that his earlier Motion to Dismiss, ECF No. 8, be reinstated. Alternatively, Respondent may file a new responsive pleading to the Petition. Bonner will be given an opportunity to respond in either case.

## CONCLUSION

For the foregoing reasons, Bonner's request to amend the Petition, implicitly contained in the Amended Petition, ECF No. 14, is DENIED as untimely and futile. Therefore, the only habeas claims before the Court are those asserted in the original Petition, ECF No. 1.

Bonner is ORDERED to notify the Court in writing within thirty (30) days of the date of entry of this Decision and Order whether (1) he still wants to withdraw the Petition; or (2) he does not want to withdraw the Petition.  If he withdraws the Petition, the Court will dismiss it without prejudice. **Bonner is cautioned, however, that if he withdraws the Petition, any future Section 2254 application seeking release from confinement based on the same conditions in the Petition, namely, the COVID-19 pandemic, will be untimely**.

If Bonner notifies the Court that he does not want to withdraw the Petition, Respondent is ORDERED to respond to the Petition. Respondent may file a new responsive pleading to the Petition or, in the alternative,  Respondent's response is due thirty (30) days after Bonner files and serves his response regarding the Motion to Withdraw.

The Court will set a briefing schedule as needed, depending on the nature of the parties' subsequent filings.

IT IS SO ORDERED.

Dated: February 15, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York